UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| THOMAS DANIEL LEE LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:13-cv-93-WTL-WGH |
| | ) | |
| STANLEY KNIGHT, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Entry of Final Judgment**

Thomas Daniel Lee Lane, an Indiana State Prisoner, filed this civil action against Stanley Knight, Bruce Lemmons, Dr. Rajoli and Connie Allen based on the conditions of his confinement at the Putnamville Correctional Facility ("Putnamville"). His claims are necessarily brought pursuant to 42 U.S.C. § 1983.

**I.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

Pro se complaints such as that filed by Lane, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

Accompanying the complaint are 67 pages of exhibits. These exhibits are disregarded as improperly filed. *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013) (finding that judge could have stricken exhibits attached to the complaint "without bothering to read"). It is the complaint itself which will be considered at this stage of litigation.

The complaint raises a variety of allegations which the plaintiff has divided into five categories. The allegations related to each category are summarized below:

1. Indiana Code requires Superintendent Knight to adopt policies and procedures for the care and protection of prisoners including prisoners on administrative segregation or protective custody.

2. **Housing Conditions.** Bunk beds prevent staff from visibly seeing each part of the dorm. There are six urinals and six toilets for approximately 144 offenders. Ventilation is inadequate. The dorms are too hot in both the summer and winter. Many of the cells need paint and rewiring because there are open light fixtures and bare wires. The toilets and sinks are "uncleanable."

3. **Healthcare.** Healthcare providers must be accredited. Offenders are denied medical attention sought through health care request forms and the health care providers attempt to restrict medications to save money. Mental health offenders are discriminated against and held in small cells without windows for 23 hours a day in violation of due process. Medications are not up to date in an effort to save money.

4. **"Environmental health hazards."** Cockroaches and rodents are in the dorms, kitchen and food storage areas. Food is inhumanely handled and brought on old trays with a white film on them. Recreation, law library, programming, religious preferences and visitation are restricted.

5. **Indigent Offenders.** Indigent offenders should be provided with over-the-counter medications, adequate toiletries, wash cloths, clothes and a change of underwear.

For relief, Lane seeks injunctive relief and money damages for pain, suffering, discomfort and aggravation.

## III.

Applying the foregoing standard, Lane's complaint must be dismissed for failure to state a claim upon which relief can be granted.

Claims against Bruce Lemmons, Dr. Fajoli, and Connie Allen are **dismissed**, because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994)(district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution). To the extent these defendants are included as defendants because of their supervisory positions, these positions alone are not adequate to support the imposition of liability. *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997)("doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit").

Lane's **claims for injunctive relief are moot** because he is no longer incarcerated at Putnamville**.** *Lehn v. Holmes,* 364 F.3d 862, 871 (7th Cir. 2004)("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley,* 83 F.3d 862, 871 (7th Cir. 1996) (same).

Lane's **claim for money damages for pain and suffering are also insufficient.** Lane has alleged no physical injury as a result of the wrongful conduct attributed to any of the defendants and hence there is no recovery which may be had. The Prison Litigation Reform Act provides that a prisoner is not entitled to recover damages for mental and emotional injury Awithout a prior showing of physical injury.@ 42 U.S.C.' 1997e(e). ASection 1997e(e) as enacted is . . . simple to understand.  A >prisoner= cannot bring an action for mental injury unless he has suffered physical injury too.@ *Kerr v. Punkett,* 138 F.3d 321, 323 (7th Cir. 1998).

### IV.

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the claims pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002). Judgment dismissing this action without prejudice shall now issue.

The **clerk is directed** to update the docket to reflect the plaintiff's current address as the Reception Diagnostic Center ("RDC") consistent with the distribution portion of this Entry.

On April 8, 2013, the plaintiff reported that he was incarcerated at the RDC. However, the Indiana Department of Correction website (when checked on April 10, 2013) reflected that Lane is now incarcerated at Westville Correctional Facility. It is for this reason that a copy of this Entry and the Judgment shall be sent to Lane at both institutions consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.** 04/12/2013

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies by United States Mail to:

THOMAS DANIEL LEE LANE
904461
Reception Diagnostic Center
737 Moon Road
Plainfield, IN  46168

THOMAS DANIEL LEE LANE
904461
Westville Correctional Facility
5501 South 1100 West
Westville, IN 46391